UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

DEC 1 9 2007
DEC 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Plaintiff(s)**

Will Crosby, Ayo
Maat et.al

Case No. 07 C 6235

v.

PACE et.al.

**Defendant(s)**

## Plaintiff MOTION TO RECONSIDER

Now COME MOVANTS, Will Crosby, Ayo Maat et.al. before the COURT and pray that the Honorable Charles Kocoras grant their motion to reconsider request(s) for leave to file in forma pauperis and approve waiver of court costs due to being unable to pay any of the court costs.

1) We have attached exhibits, affidavits and statements from plaintiffs that affirm our status as being " in the status of (a) poor person(s).

2) We ask reconsideration of our applications to proceed without prepayments of fees, and our financial affidavits submitted previously and the submitted income/expenses lists of Plaintiffs. (See supporting documents) See Order of Judge Charles Kocoras of December 7, 2007. We suggests that each plaintiff can pay $39.89. We contend that we cannot. See supporting documents.

p. 1 of 4

(continued)

Crosby, Maat, et al. )
        v.                )
PACE

07C6235

## PLAINTIFF
## MOTION TO RECONSIDER I.F.P., etc

3) In the alternative, plaintiffs more for extension of time to raise money to pay court costs. In consideration of legal costs, plaintiffs have established a legal defense fund which was opened with $20 and a commitment of $50 thus far from potential donors. Plaintiffs sent appeal for the fund to lawyers, friends, associates, disability advocate groups. (We received two responses in 1½ weeks.)

4) Plaintiffs are all people with disabilities

5) Persons with disabilities have the least disposable income of any population group

6) Paratransit is transportation that is provided as a comparable service to fixed route bus or rail under the Americans with Disabilities Act for persons who in general can not ride fixed route service due to disability or do not have access or accessible pathway to fixed route service.

(continued)
p. 2 of 4

07C6235

Crosby, Maat,
   et. al.              )
                         )
   v.                    )
                         )
PACE                     )

## PLAINTIFF MOTION TO RECONSIDER I.F.P & ALLOW Plaintiffs To Proceed Without Paying Fees

7) Riders have to schedule trips in advance and pay $2.25 per ride or $75 for a monthly pass

8) Riders must call the day before. The service needed between 6-8 a.m. The service sometimes book up. Riders must allow 90 minutes minimum between trips. This makes it difficult to schedule trips to copy centers. It costs in carfare $4.50 individually for a round trip copiers are not wheelchair-accessible, and although copy centers are cheaper than using 25¢ machines in the federal bldg, they are not always convenient and Plaintiffs are not always able to get transportation to them

WHEREFORE, PLAINTIFFS pray that their motion for reconsideration is granted.

p. 3 of 4

Crosby, Maat
et. al.
          )
          )
          )        07C6235
   v.     )
PACE      )

PLAINTIFF MOTION TO
RECONSIDER I.F.P. &
ALLOW PLAINTIFFS TO PROCEED
WITHOUT PAYING FEES

THEREFORE, we affix our names
to this MOTION as contact persons
Respectfully Submitted By

Dr. Ayo Maat        12-18-07
Ayo Maat, Ph.D.

William Crosby       12-18-07
William Crosby

William Crosby, ProSe
8230 S. Bishop
Chicago IL 60620
773-302-441
was able to notarize his affidavits

Ayo Maat, ProSe
6951 N. Sheridan
Chicago IL 60626-3527
773-416-7366
was unable to travel very
snow and in cred to find
a notary and quarantine bus
p 4of 4         late getting to
                Flo-Am

# Northern Illinois District – Eastern District

**Honorable Charles Kocoras,**                    **Judge Courtroom 1725**

Re: Case 07C6235

Date: December 17, 2007

Plaintiffs William K. Crosby, Ayo Maat et.al )        v.        Defendants  PACE et.al.

### Affidavit of William K, Crosby

### 07 C 6235

("ALL") <u>Pleading</u> in this case are being filed by Plaintiff in Propria Persona, wherein pleading are to be considered ~~regard considered~~ <u>without</u> regard to technicalities. Propria, pleading are not to be held to the same high standards of perfection as practicing lawyer. <u>See</u> Haines v. Kerner 92 sct 594, also <u>See</u> Power 914 F2d 1495 (11th Cir 1990) <u>See</u> Powers 914 F2d 1495(11th Cir1990) also <u>See</u> In Re: Hall v. Bellmom 935 F. 2D 1106(10TH Cir 1991).

## <u>Affidavit for Reconsideration of Waiver of Courts Costs, Copy Fees</u>

1. This affirms (certifies) that Pro Se Plaintiff William K. Crosby, age 55, is a person with a disability who rides PACE paratransit, and pays $75 for a monthly ADA pass. William K. Crosby further certifies that he, cannot pay any of the Court costs as his expenses and bills already exceed income, transportation costs are high and copy costs are high. Furthermore, I cannot pool money with other plaintiffs to pay Court Costs as there is no extra money to pool. *See Exhibit _____1_____ - Income and Expenses*

2. Plaintiff asserts that he is working with other plaintiffs to raise funds since Judge's order of December 7, 2007 and has established the IMPRUVE Legal Defense Fund. The Fund has only raised $20 and has a pledge of $ 50 not yet received as of December 17, 2007.

3. Plaintiff asserts that he is working with other plaintiffs to find attorney(s) to represent them pro bono. So far, they have been turned down by Equip for Equality, Attorney Linda Mastandrea, and Legal Assistance Foundation (LAF). Ed Stein charges an initial consultation fee of $175. We do not have it. *See Exhibit  2  - Letter from Equip for Equality*

4. LAF does not do class actions. Equip for Equality does not do racial discrimination. We have not received a response yet from other firms contacted since August 2007.

5. The paratransit is an alternative, comparable service to fixed route bus and rail for people with disabilities who cannot ride fixed route. As announced in December by PACE, in January 2008, the monthly pass will cost $150, double what I pay now and possibly more.

6. William K. Crosby affirms that he cannot pay the court costs in any form for this case as the court cots even if only $38.89 are unaffordable due to his income and expenses.

7. Costs of Home Tax, utilities, and some food. I cannot pay my court costs. I struggle to pay what I pay now and always owe bills each month. I'm not employed. Bills get higher the same despite being unemployed, disability, changes in income over the years. I receive Supplementary Security Income (S.S.I.) based on need and disability, have unpaid past due bills and have current income of $623.00.

8. Names to be corrected in original complaint when amended are: Carol Murphy to Caroline Murphy; Cecilia Jackson to Cecelia Jackson; and Patricia Brewer to Patricia Baxter. The misspellings were typos.

9. Correct name for Mathew Lucas, also a typo is Marlene Lucas. She completed papers for, but did not file an appearance

10. In Prior order of December 7, 2007, Judge Kocoras denied all petitions to proceed *in forma pauperis,* including that of Harold Bellamy, for which we ask for Reconsideration of Determinance of Indigence and leave to proceed *in Forma Pauperis for these 7 plaintiffs: William K. Crosby; Ayo Maat;, Patricia Baxter (a.k.a. Patricia Brewer-name misspelled); Stevie Dickens; Cecelia Jackson (a.k.a. Cecilia Jackson, name misspelled);Caroline Murphy (a.k.a. Carol Murphy); and Richard James.*

11. In support of Motion for Reconsideration, William K. Crosby asks that if the Judge can only rule on one IFP case that it rule on hers(Ayo Maat and/or William K. Crosby's who have both agreed to be contact persons in the event the Court cannot reach one of the plaintiffs in this case. With the motion, there appear several supporting financial documents as given to us by 7 plaintiffs who ask for Reconsideration of Plaintiffs' Motion (s) for waiver of courts costs and copy fees along with financial affidavits after reconsidering determinance of indigence. This case is a class action of: 1. certified paratransit riders in NE Il, 2. numbering approximately 42,000, making joinder impracticable, 3. all are Black, represent diverse disabilities that are representative of the paratransit riders. However, the plaintiffs who are representative of the common interests of riders who are blind--Debbie Pittman and deaf and mentally retarded – Troneekoko French have temporaily withdrawn as major plaintiffs, but are within the class of ALL CERTIFIED PARATRNSIT RIDERS., and 4. have common service complaints.

12. The Plaintiffs do meet and will submit a timely motion for approval of class action at the appropriate time, with any required request for leaves and motion to be submitted at a future time for approval only after the preliminary motions for I.F.P. and waiver of

court costs and/or copy costs are decided by Judge Charles Kocoras.

13. My income remains at $623.

14. *It is very expensive to meet disability needs. I currently need MEDICINE for my feet and its 700.00 per tube. It is not covered by Medicaid, which I receive.*

15. I have urgent and immediate needs that I'm not receiving due to not having enough money.

16. Food costs are to high.

17. The 7 Plaintiffs aforementioned are doing the best they can to meet daily living needs, remain alive, attend to disability and health needs, and meet requirements of the Court despite having need for ADA accommodations and legal representation.

18. In the alternative, we propose a motion for extension of time to pay Court Costs. In reconsideration thereof, the Plaintiff(s) pray for the mercy of the Court and consideration of their disabilities, (current and any future plaintiffs of the class) the weather, the difficulty of travel of person with physical disability, some with dual or multiple disability—mental and/or physical (i.e. TBI (traumatic brain injury), learning disorder, mental retardation, cerebral palsy, scoliosis, osteoporosis, carpal tunnel syndrome, fibromyalgia, blindness, deaf, low vision, hearing problems, tendonitis, amputated limbs and prosthesis, use of wheelchair, use of canes, use of crutches, use of walker, chronic fatigue syndrome, hip replacement, knee replacement, spinal cord injury, Multiple sclerosis, muscular dystrophy, cancer, etc.)

"Moreover" "the Court is under a ("duty") to examine the complaint to determine if the allegations provide for relief on ("any") "possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331,1334(8th Cir.1975)(quoting Bramlet v. Wilson,495 F.2d 714, 716 (8th Cir.1974). Thus if the Court were to entertain any motion ti Dismiss this Court would have to apply the standards of White v. Bloom. Futhermore, If there is ("any") possible theory that would entitle Plaintiff to relief, "even"("one") that Plaintiff has not thought of, the Court("cannot") dismiss the case. Futher, again respectfully stating, to plaintiff humble understanding as stated in the relevant portion of Haines v. Kerner 404 U.S.519,520 -21,92 S. Ct.594,596,30L.Ed.2d 652(1972) White v. Bloom, 621 F,2d 276 and others.

## STANDARD OF REVIEW FOR PRO/SE LITGANTS

Pro/se: Court submissions are to be construed liberally and held to less stringent standards than submission of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority. Confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDOUGALL 454 U.S. 364,102 SCt. 700, 70 L.Ed.2d 551(1982);Esralle v. Gamble, 429 U,S.97,106,97 S. Ct. 258,L.ED.2d 25(1976) ( quoting Conley v. Gibson), 355 U.S. 4145-46, 78 S.Ct. 99, 2 L.ED2d 80(1957);Haines v. Kerner,404 U,S. 519,92 S.Ct 594, 30L.Ed.2d 652(1972): McDowell v. Delaware State Police, 80 F ,3d 188, 189 (3rd Cir.1996); United States v. Day, 969 F .2d 39, 42 ( 3rd Cir. 1992) holding pro/se petitions ("cannot")

be held to the same standard as pleading drafted by attorneys) <u>Then</u> v. <u>INS</u>.,58 F,Supp.2d
422, 429(D.N.J,1999).

The Court provide pro/se parties <u>wide</u> <u>latitude</u> when construing their pleading and
papers. When Interpreting pro/se papers, the Court should use common sense to
determine what relief the party desire. <u>S.E.C.</u> v. <u>Elliott</u> 953 F .2d 1560,1582 , (11th
Cir.1992).See also <u>United</u> <u>States</u> v. <u>Miller</u>, 197 F 3d 644,648 (3rd Cir. 1999) ( Court has
special obligation) to construe pro/se litigants pleading liberally); <u>Poling</u> v. <u>K.</u> <u>Hovnanian</u>
<u>Enterprises</u>,99 F.Supp.2d 502, 506-07(D.N.J.2000)Courts will go through particular pains
to("<u>protect</u>") pro/se litgants against consequences of technical error if <u>injustice</u> would
otherwise result. U.S. v. Sanchez,88 F ,3d 1243(D.C. Cir.1974) WHEREFORE,
PLAINTIFF, William K. Crosby respectfully submits this affidavit,

_William K. Crosby_ _12/19/2007_

**Signature Date**

SIGNED AND SWORN Before Me this _19th_ day of _December, 2007_

_Mary Colette Berggren_, Date_December 19, 2007_

**NOTARY PUBLIC**

Plaintiff : Willliam K. Crosby , Pro Se 99500

8230 S. Bishop St,Chicago, IL 60620

773-322-4411

directcomtec@yahoo.com



William K. Crosby Bills, Income and Expenses List 12/14/2007

Income – SSI (Social Security $ 623.00

    Tax 584.21

    ComEd 217.27

    Food 150.00

    Wow phone 309.66

    People Gas 501.64

    PACE ADA Monthly Pass 75.00

    Misc., hshld, clothing 40..00

Total expenses _____$.1,837.78


Plaintiff Exhibit ____1____ William K. Crosby - Income & Expenses



# Advancing the human and civil rights of people with disabilities

SELF-ADVOCACY ASSISTANCE ★ LEGAL SERVICES ★ DISABILITY RIGHTS EDUCATION ★ PUBLIC POLICY ADVOCACY ★ ABUSE INVESTIGATIONS

December 3, 2007

Dr. Ayo Maat
6951 North Sheridan Road
Chicago, IL 60626-3527

RECEIVED
am 12-4-07

**Re:** **Case Closure - Resources**
     **EFE File Number: 2008-0189**

     <u>**Your request for services:**</u>  **Request for Legal Representation for Federal Lawsuit
     Seeking Injunctive Relief from PACE Suburban Bus Service**

Dear Dr. Maat:

     Recently you requested services from Equip for Equality ("EFE") for the above-referenced matter. Specifically, you requested legal representation for a lawsuit already filed in federal court by twelve individuals against PACE Suburban Bus Service (Case No. 07 C 06235, assigned to the Honorable Charles P. Kocoras). You requested that EFE provide legal representation to the twelve individuals (and potentially a class of individuals). As we do with all requests for assistance, your case was brought to our legal team for consideration.

     Regrettably, EFE is unable to provide the legal representation you requested because our organization lacks the necessary resources to do so. Additionally, it appears from the current federal court complaint that there are issues raised, such as race discrimination, that are beyond the scope of EFE's expertise. As a disability rights organization, we only provide legal assistance on disability-related matters. I realize you have already contacted organizations we would have typically referred you to, such as the Pro Bono Center for Disability and Elder Law and Access Living. Therefore, I am referring you to the Chicago Bar Association Attorney Referral Service at (312) 554-2001 in hopes that you are directed to additional referrals.

     Again, I regret we are not able to assist you at this time. Of course, you are welcome to call us again if you have questions about this letter or have other disability-related issues with which you need assistance. For your reference, I have enclosed copies of our latest brochures, including our grievance procedure. In the meantime, I hope this finds you well, and I wish you the very best.

Very truly yours,

*Sarah E. Price (cge)*

Sarah E. Price
Intake Manager

Enclosures

(Same as Maat Exhibit 2)

Plaintiff Exhibit 2
Re: Request For Legal Representation

*THE INDEPENDENT, FEDERALLY MANDATED PROTECTION & ADVOCACY SYSTEM FOR THE STATE OF ILLINOIS*

MICHAEL A. PARKS, BOARD CHAIRPERSON ★ ZENA NAIDITCH, PRESIDENT & CEO

MAIN OFFICE: 20 N. MICHIGAN AVENUE, SUITE 300 ★ CHICAGO, IL 60602 ★ EMAIL: CONTACTUS@EQUIPFOREQUALITY.ORG ★ TEL: (312) 341-0022

TOLL FREE: (800) 537-2632 ★ TTY: (800) 610-2779 ★ FAX: (312) 341-0295 ★ MULTIPLE LANGUAGE SERVICES / AMERICAN SIGN LANGUAGE

WWW.EQUIPFOREQUALITY.ORG

### Affidavit of Ayo Maat

**To:**    **Northern Illinois District – Eastern District**
       **Honorable Charles Kocoras, Judge Courtroom 1725**
**Re:**    **Case 07C6235**
**Date:**    **December 17, 2007**

| | | |
|---|---|---|
| **Plaintiffs Will Crosby, Ayo Maat et.al** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **07 C 6235** |
| **Defendants** | ) | |
| | ) | |
| **PACE et.al.** | ) | |

## Affidavit for Reconsideration of Waiver of Courts Costs, Copy Fees

1.  This affirms (certifies)  that Pro Se Plaintiff Ayo Maat, age 59, is a
    person with a disability who rides PACE paratransit, and pays $75 for a
    monthly ADA pass. Ayo Maat further certifies that she, cannot pay any
    of the Court costs as our expenses and bills already exceed income,
    savings is frozen, transportation cots are high and copy costs are high.
    Furthermore, I cannot pool money with other plaintiffs to pay Court
    Costs as there is no extra money to pool. *See Exhibit* _Plaintiff Maat 1_ -
    *Income and Expenses*

2.  Plaintiff asserts that she is working with other plaintiffs to raise funds
    since Judge's order of December 7, 2007 and has established the
    IMPRUVE Legal Defense Fund. The Fund has only raised $20 and has
    a pledge of $ 50 not yet received as of December 17, 2007.

3.  Plaintiff asserts that she is working with other plaintiffs to find
    attorney(s) to represent them pro bono. So far, they have been turned
    down by Equip for Equality, Attorney Linda Mastandrea,  and Legal

Assistance Foundation (LAF). Ed Stein charges an initial consultation fee of $175. We do not have it. *See Exhibit ___2___ - Letter from Equip for Equality*

4. LAF does not do class actions. Equip for Equality does not do racial discrimination. We have not received a response yet from other firms contacted since August 2007. ~~See~~ *12-18-07 am*

5. The paratransit is an alternative, comparable service to fixed route bus and rail for people with disabilities who cannot ride fixed route. As announced in December by PACE, in January 2008, the monthly pass will cost $150, double what I pay now and possibly more.

6. Dr. Maat affirms that she cannot pay the court costs in any form for this case as the court cots even if only $38.89 are unaffordable due to her income and expenses. Savings is frozen as follows; $300 for Ayo Maat, corrected from reports of $200 frozen for myself and $200 frozen for Rami Maat, as verified in letter by NorthSide Community Federal *am* Credit Union. ~~Plaintiff Exhibit Maat 3 letter 12-18 from NorthSide Community Fed CU 07~~

7. My son lives with me, but has his own income for his own needs, though we share costs of rent, utilities, and some food. My son cannot pay my court costs. We struggle to pay what we pay now and always owe bills each month. Neither of us is employed. Bills remain the same despite unemployment, disability, change in income over the years. We both receive Supplementary Security Income (S.S.I.) based on need and disability, have unpaid past due bills and have current income of $1183.70, as corrected by $ 8.70.

8. My son, age 25, also disabled, could not find SSI papers at the time I filed request to proceed in forma pauperis. His correct monthly income since June 2007 is $ 560.70 per month, not $ 552.

9. My son cannot pay my court costs. We struggle to pay what we pay now and always owe bills each month. Neither of us is employed. Bills remain the same despite unemployment, disability, change in income over the years. not $ 552. My income remains at $623. I did not file in time (2 days too late) to receive my SSDI, so SSDI was denied.

10. Dr. Maat affirms that though she has received documents from 9 chief plaintiffs in the referenced case only 8 were submitted, and 1 (Harold Bellamy) had all motions dismissed or denied by Judge Kocoras. Four never filed appearances: Debbie Pittman (named in the complaint), Venzelma Cotton, Troneeko French, and Marlene Lucas (misspelled in complaint as Mathew Lucas). Due to disability issues inability to pay court costs, they did not proceed. Five will not be submitting supporting documents. They are withdrawing from the complaint at this time. That leaves 7 plaintiffs.

11. Names to be corrected in original complaint when amended are: Carol Murphy to Caroline Murphy; Cecilia Jackson to Cecelia Jackson; and Patricia Brewer to Patricia Baxter. The misspellings were typos.

12. Correct name for Mathew Lucas, also a typo is Marlene Lucas. She completed papers for, but did not file an appearance

13. In Prior order of December 7, 2007, Judge Kocoras denied all petitions to proceed *in forma pauperis,* including that of Harold Bellamy, for which we ask for Reconsideration of Determinance of Indigence and leave to proceed *in Forma Pauperis for these 7 plaintiffs: Will Crosby; Ayo Maat;, Patricia Baxter (a.k.a. Patricia Brewer-name misspelled); Stevie Dickens; Cecelia Jackson (a.k.a. Cecilia Jackson, name misspelled);Caroline Murphy (a.k.a. Carol Murphy); and Richard James.*

14.. In support of Motion for Reconsideration, Dr. Ayo Maat asks that if the Judge can only rule on one IFP cases that it rule on hers and/or Will Crosby's who have both agreed to be contact persons in the event the Court cannot reach one of the plaintiffs in this case. With the motion, there appear several supporting financial documents as given to us by 7 plaintiffs who ask for Reconsideration of Plaintiffs' Motion(s) for waiver of courts costs and copy fees along with financial affidavits after reconsidering determinance of indigence. This case is a class action of: 1. certified paratransit riders in NE IL, 2. numbering approximately 42,000, making joinder impracticable, 3. all are Black, represent diverse disabilities that are representative of the paratransit riders. However, the plaintiffs who are representative of the common interests of riders who are blind--Debbie Pittman and deaf and mentally retarded – Troneekoko French have temporaily withdrawn as major plaintiffs, but are within the class of ALL CERTIFIED PARATRNSIT RIDERS., and 4. have common service complaints.

15. The Plaintiffs do meet and will submit a timely motion for approval of class action at the appropriate time, with any required request for leaves and motion to be submitted at a future time for approval only after the preliminary motions for I.F.P. and waiver of court costs and/or copy costs are decided by Judge Charles Kocoras.

16. My income remains at $623. I did not file in time (2 days too late) to receive my SSDI, so SSDI was denied.

17. *It is very expensive to meet disability needs. I currently need my partial dentures replaced at a cost of $1200, and unlined bifocals replaced at a cost of $300. Neither is covered by Medicaid, which both me and my son*

*receive. We also applied for LIHEAP to cover electric costs — See Exhibit*

*_____ - LIHEAP(Low Income Energy Assistance Program application*

18. **Lenscrafters Vision program** *denied me replacement eyeglasses under the Vision program that covers people who need but cannot pay for eyeglasses or special lenswear not covered by their insurance, because I received eyeglasses in June.* **My eyeglasses were run over when they fell off my face and I could not se them on the floor. Lenscrafters only allow free services once per year per client referred by nonprofit agency.**

19. **My son needs his teeth cleaned at a cost of $ 250 (2006 cost) before he can proceed to get his teeth fixed according to the dentist.**

20. **We both have urgent and immediate needs that we are not receiving due to not having the money.**

21. **Food costs are high. Dr. Maat can only eat organic vegan food (no meat, fish, honey, eggs, dairy, refined foods, chemical preservatives, or pesticides, etc.) and drink spring water. I do not drink tap water due to allergic reaction to fluoride and chlorine. I do not permit meat in my pots or home due to a vegan diet, allergies, dairy sensitivity, and chemical sensitivity. I do not and cannot use drugs. All health supplements are alternative, no chemical drugs. Income and expenses are listed and attached as part of Exhibit** _am 12-18-07_

22. **The 7 Plaintiffs aforementioned are doing the best they can to meet daily living needs, remain alive, attend to disability and health needs, and meet requirements of the Court despite having need for ADA accommodations and legal representation.**

23.. **In the alternative, we propose a motion for extension of time to pay Court Costs. In reconsideration thereof, the Plaintiff(s) pray for the**

mercy of the Court and consideration of their disabilities, (current and any future plaintiffs of the class) the weather, the difficulty of travel of person with physical disability, some with dual or multiple disability— mental and/or physical (i.e. TBI (traumatic brain injury), learning disorder, mental retardation, cerebral palsy, scoliosis, osteoporosis, carpal tunnel syndrome, fibromyalgia, blindness, deaf, low vision, hearing problems, tendonitis, amputated limbs and prosthesis, use of wheelchair, use of canes, use of crutches, use of walker, chronic fatigue syndrome, hip replacement, knee replacement, spinal cord injury, Multiple sclerosis, muscular dystrophy, cancer, etc.)

WHEREFORE, PLAINTIFF, Ayo Maat respectfully submits this affidavit,

_Ayo Maat_                          _12-19-07_
Signature                            Date

SIGNED AND SWORN Before Me this _____ day of _____, _____

_____ Date _____
NOTARY PUBLIC

Plaintiff : Ayo Maat, Ph.D., M. HS , Pro Se 99500

6951 N. Sheridan Rd Chicago, IL 60626-3527

773-416-7366; 773-338-1090

Impruve2@yahoo.com; ayomaat@hotmail.com

P. 6 of 6

Ayo Maat - Bills, Income and Expenses List   12/17/2007

Income - SSI (Supplemental Security Income) for Two People}

| | | |
|---|---|---|
| Based on Disability and Need of Ayo Maat | $ 623.00 |
| Based on Disability and Need of Rami Maat | 560.70 |
| | |
| Total Monthly Income | $ 1,183.70 |

| | | |
|---|---|---|
| 1. | Rent/shelter | $ 195.00 |
| 2. | PACE Monthly ADA Pass | 75.00 |
| 3. | Food | 400.00 |
| 4. | U.S. Cellular | 61.66 |
| 5. | VISA | 67.00 |
| 6. | People's Energy | 25.43 |
| 7. | Rami carfare ($20 passes) | 60.00 |
| 8. | Laundry & Greener Cleaners | 40.00 |
| 9. | ComEd | 70.00 |
| 10. | Internet, Home phone | 113.52 |
| 11. | Hinckley Springs | 56.16 |
| 12. | Other Health costs, ADL | 38.00 |
| 13. | Misc., hshld, clothing | 0.00 |

| | | |
|---|---|---|
| Total expenses | $ 1,201.77 | 1,201.77 |
| | | |
| Balance | | (18.07) |

Notes:  Hinckl;ey Springs is a health cost for bottled spring water
due to chemical sensitivities - Other health costs include $30 for
Rehab Institute health & Fitness, and $8 for co-pays (Dr. BNell $4,
Dr. Schuette, $4; Food - I have credit account with Newleaf for
organic produce boxes home delivered and shop for other organic
vegan food at Trader Joe's and Whole Foods. Rami buys 3-4 weekly
passes per month. This month he plans to only buy 3 due to tight
budget.  No money budgeted for clothes this month. When we do, some
thing do not get paid until a month or two later.

Plaintiff Exhibit Maat 1   Ayo Maat - Income & Expenses p. 1 of 2
Plaintiff Affidavit of Expenses and Income

No ~~Some~~ Receipts ~~or statements~~ are any31'07 attached for Monthly Expense for Rent, Electric, Gas, Food, Cell Phone, Internet & Home phone Monthly ADA Pass, Additional Bills – past due – AT & T, Capital Management – Nextel

Past Due Bills are $3,128.21 for AT & T (due to early cancellation, they still charged fees and interests for two years.  Actual bill was only $400 originally.  Nextel bill is $ 316.56 – a bill charged to Rami with a friend who he co-signed for.

I, AYO MAAT, Plaintiff in Case 07 C 6235, Pro Se, affirm (certify) that the income and expenses I list are to the best of my knowledge accurate *as* reported or an approximation for expenses that change monthly FOR ME AND MY SON Rami Maat.

_____
Signature, Dr. Ayo Maat, PLaintiff

SIGNED AND SWORN BEFORE ME THIS _____DAY OF _____, 200_


_____

NOTARY PUBLIC

Plaintiff Exhibit Maat 1 Ayo Maat – Income & Expenses p. 2 of 2
Plaintiff Affidavit of Expenses and Income

Cecelia Jackson Bills, Income and Expenses List    12/14/2007

Income - SSDI (Social Security Disability                  $ 1,461.00

|  |  |  |
|---|---|---|
| 1. | Rent/shelter | $ 660.00 |
| 2. | Money orders (4 @ .99) | 3.96 |
| 3. | Food | 220.00 |
| 4. | U.S. Cellular | 101.22 |
| 5. | Health Spring Co-pays*** | 48.00 |
| 6. | Walgreen's* | 33.89 |
| 7. | AT&T | 37.54 |
| 8. | 7th Avenue | 25.00 |
| 9. | VanRu Credit Corp. | 25.00 |
| 10. | ComEd | 34.65 |
| 11. | Catherine's | 15.00 |
| 12. | OTC health costs, ADL** | 150.00 |
| 13. | PACE ADA Monthly Pass | 75.00 |
| 14. | Misc., hshld, clothing | 32.00 |

        Total expenses                        $ 1,461.26

        Balance                                   (.26)

Notes:  * Prescription drugs   ** OTC - Over the counter health products
     for ADL (Assisted daily living)needs *** HealthSpring Co-pays avg $ 48
per month. Thru Sept. 2007, I paid $428.27.  I had $15 credit on rent for
Dec. (receipt for $ 645)

                    are not
Receipts ᴬ attached for Monthly Expense
1.    Rent
2.    Electricity
3.    Cellular Phone Bill
4.    Furniture
5.    Internet & Home phone
6.    Credit payment on Plus Size clothing (Catherine's)
7.    Additional Bills

Plaintiff Exhibit _____ Cecelia Jackson - Income & Expenses p. 1 of 2

Richard James - Bills, Income and Expenses List    12/14/2007

Income - Monthly SSDI (Social Security Disability)        $ 552.00

| | | |
|---|---|---|
| 1. | Rent/shelter | $ 138.00 |
| 2. | PACE ADA Monthly Pass | 75.00 |
| 3. | Bank fees, insurance | 41.35 |
| 4. | Food | 80.00 |
| 5. | U.S. Cellular | 48.00 |
| ~~6.~~ | ~~Monthly ADA Pass~~ | ~~75.00~~ — duplicate |
| 7. | Prescription Drugs | 11.00 |
| 8. | ComED | 41.00 |
| 9. | Home Phone | 52.00 |
| 10. | OTC health costs, ADL** | 25.00 |
| 11. | Misc., hshld, clothing | 65.00 |
| 12 | RIC annual fitness fee | 30.00 |

Total expenses

Balance                                        606.35
                                              (54.35)

Notes:  * Prescription drugs   ** OTC - Over the counter health
products for ADL (Assisted daily living)needs  Note: The SSA deducts
$ 62.30 from my SSDI   leaving me with $552 monthly.

No Receipts attached for Monthly Expenses.

I am behind in bills. December monthly
expense exceeds usual expense
due to annual fee of $30 for Rehab
Institute of Chicago health + fitness center;
also I owe two months to my insurance company,
but they are working with me



December 13, 2007

Honorable Judge Charles Kocoras
219 South Dearborn, Rm. 1725
Chicago, Ill.

Dear Judge Kocoras:

This statement is to inform you that I am unable to pay the court cost in

regard to case #07C6235.

I have attached the necessary document to substantiate my financial status

and hope that the information that I have provided will satisfy the court.

Thank you for your time and consideration in this matter.

Respectfully yours,

Ms. Caroline Murphy (a.k.a./Carol Murphy)

SOCIAL SECURITY
2116 GREEN BAY RD
EVANSTON IL 60201

## Social Security Administration
## Supplemental Security Income
### Notice of Change in Payment

Date: November 26, 2006
Claim Number: ▆▆▆▆▆▆▆▆

504    B023,M4E,464,009985    000110980 01 AT    0.308

CAROLINE J MURPHY
635 SHERMAN 1ST FLR
EVANSTON IL 60202-4147

We are writing to tell you about changes in your Supplemental Security Income payments. The rest of this letter will tell you more about this change.

We explain how we figured the monthly payment amounts shown below on the last page of this letter. The explanation shows how your income, other than any SSI payments, affects your SSI payment. It also shows how we decided how much of your income affects your payment amount. We include explanations only for months where payment amounts change.

### Information About Your Payments

- The amount due you beginning January 2007 will be $623.00.

- The amount due you is being raised because the law provides for an increase in Supplemental Security Income payments in January 2007 if there was an increase in the cost-of-living during the past year.

### You Can Review The Information in Your Case

The decisions in this letter are based on the law. You have a right to review and get copies of the information in our records that we used to make the decisions explained in this letter. You also have a right to review and copy the laws, regulations and policy statements used in deciding your case. To do so, please contact us. Our telephone number and address are shown under the heading "If You Have Any Questions."

**See Next Page**

SSA-L8151