

## Northern Illinois District -- Eastern Division

KC **FILED**
DEC 2 8 2007
DEC 28 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiffs

Crosby, Maat, et. al )
)
v. )
) 07 C 6235
Defendants ) Kocoras
)
PACE, et. al. )

### Plaintiff's Motion to Consolidate Supporting Documents With Motion to Reconsider of December 19, 2007

1. NOW COME MOVANTS Crosby, Maat, et,al. and move that the Court consolidate their Supporting Documents attached with Motion to Reconsider Waiver of Court Costs, Approval of Leave to Proceed I.F.P. and without prepaying costs. *Refer to Plaintiffs' Motion and Affidavits Submitted Dec. 19, 2007*

2. Some Plaintiffs were unable to get documents notarized (affidavits) and we include them here to affirm prior submission of income, expenses, and/or statements of indigence, petition for I.F.P. and financial affidavits.

*Ayo Maat, Cecelia Jackson, Patricia Jackson, Richard James, Stevie Dickens. Caroline Murphy was unable to get her affidavit to us to be included and is submitting hers later. Patricia Baxter gave permission for Crosby or Maat to file her affidavit. See Exhibits of Notarized Signatures, Amended Statements, Amended Income/Expense List*

1) Maat-1a-p.2 (notarized signature), 3) Maat 3 - Northside Condominium letter,
2) Amended Affidavit for reconsideration 6pp.
4) Cecelia 1a - 2 pages (List of income + expense, notarized signature), 5) Baxter 1a - 2 pages (affidavits, Std of review for Pro Se Litigants)
6) Baxter 2 - Affidavit for permission for Crosby Maat to file on her behalf, 7) Dickens 1a, notarized (statement & signature), 8) James 1a - 2 pages (amended income, expense, notarized stmt and signature.)

Respectfully submitted by

___Dr. Ayo Maat___  December 28, 2007

Dr. Ayo Maat, Pro Se
On behalf of Crosby, Maat, et. al
6951 N. Sheridan Rd
Chicago, IL 60626-3527
773-416-7366

I, AYO MAAT, Plaintiff in Case 07 C 6235, Pro Se, affirm (certify) that the income and expenses I listed are to the best of my knowledge accurate as reported or an approximation for expenses that change monthly FOR ME AND MY SON Rami Maat.

_____*Dr. Ayo Maat*_____
Signature, Dr. Ayo Maat, Plaintiff

SIGNED AND SWORN BEFORE ME THIS __26__ DAY OF __December__, 2007

_____[signature]_____
NOTARY PUBLIC

```
OFFICIAL SEAL
ISABEL OLIVARES
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/09
```

Plaintiff Exhibit Maat 2a — Ayo Maat - Income & Expenses p. 2 of 2
Plaintiff Affidavit of Expenses and Income

Affidavit of Ayo Maat

To:    Northern Illinois District – Eastern District
        Honorable Charles Kocoras, Judge Courtroom 1725
Re:    Case 07C6235
Date:    December 17, 2007

Plaintiffs Will Crosby, Ayo Maat, et. al  )
    )
v.    )
    )    07 C 6235
Defendants    )
    )
PACE, et. al.    )

*[handwritten: Amended – update (paragraphs 1, 2, 3, 4-7, 15-21)]*

**Affidavit for Reconsideration of Waiver of Courts Costs, Copy Fees**

*[handwritten margin note: Para. 1 amended due to new developments by PACE discussed 12-26-07 am, 12-28-07]*

1. This affirms (certifies) that Pro Se Plaintiff Ayo Maat, age 59, is a person with a disability who rides PACE paratransit, and pays $75 for a monthly ADA pass. The paratransit is an alternative, comparable service to fixed route bus and rail for people with disabilities who cannot ride fixed route. As announced by PACE, beginning ~~January~~ *February* 2008, the monthly pass will cost $150, double what I pay now and possibly more. Yet, my income will only increase $13 Jan. 1 – cost of living increase for SSI *[handwritten: will be double what the CTA monthly pass per PACE 12-26-07 am 12-28-07]*

2. Ayo Maat further certifies that she cannot pay any of the Court costs as her family expenses and bills already exceed income, savings is frozen, transportation and copy costs are high. Furthermore, I cannot pool money with other plaintiffs to pay Court Costs as there is no extra money to pool. See Plaintiff Exhibits _Maat-1_ - Income and Expenses *[handwritten: submitted Dec. 19, 2007 am]*

3. Plaintiff asserts that she is working with other plaintiffs to raise funds since Judge's order of December 7, 2007 and has established the IMPRUVE Legal Defense Fund. The Fund has only received $20 and has a pledge of $50 not yet received as of December 17, 2007. ~~See Plaintiff Exhibit _____ – IMPRUVE Legal Defense Fund deposit slip. See Plaintiff Exhibit _____ – Order of December 7, 2007~~ *[handwritten: Exhibit not included 12/28/07 am]*

*[handwritten footer: Plaintiff Exhibit Maat 1b Amended Affidavit for Reconsideration]*

P. 1 of 6

4. Dr. Maat affirms that she cannot pay the court costs in any form for this case as the court costs even if only $38.89 are unaffordable due to her income and expenses. Savings is frozen as follows; $300 for Ayo Maat, corrected from reports of $200 frozen for myself and $200 frozen for Rami Maat, as verified in letter by NorthSide Community Federal Credit Union. *See Plaintiff Exhibit* _____ *Maab3_ Verification of Frozen Assets - Savings Account*

5. My son, age 25, also disabled, could not find SSI papers at the time I filed request to proceed *in forma pauperis*. His correct monthly income since June 2007 is $560.70 per month, not $552, corrected by $8.70. My son lives with me, but has his own income for his own needs, though we share costs of rent, utilities, food,. My son cannot pay my court costs. We struggle to pay what we pay now and always owe past due bills each month. Neither of us is employed. U Unemployment (and underemployment) and disability have been long term over the years. We both receive Supplementary Security Income (S.S.I.) based on need and disability, have unpaid past due bills and have current income of $1183.70. *See Plaintiff Exhibit* _____ *Maab1 - Proof of Income & Expenses (Maat and son)*

6. Neither of us is employed. Bills remain the same despite unemployment, disability, and change in income over the years. not $552. My income remains at $623. I did not file in time (2 days too late) to receive my SSDI, so SSDI was denied. *See Plaintiff Exhibit* _____ *Maab4 - Expenses of Maat and son*

7. Plaintiff asserts that she is working with other plaintiffs to find attorney(s) to represent them pro bono. So far, they have been turned down by Equip for Equality, Attorney Linda Mastandrea, and Legal Assistance Foundation (LAF). Ed Stein's law clerk responded, but Ed Stein charges an initial consultation fee of $175. We do not have it. We requested letters from LAF, which we are waiting on from their office manger, Intake. LAF does not do class actions. Equip for Equality does not do racial discrimination. We have not received responses yet from other firms contacted since August 2007. *See Plaintiff Exhibit* _____ *Maab2 - Letter from Equip for Equality*

8. I contacted the law offices of Diane Redleaf in August for attorney referrals. She referred us to Ed Stein, and Craig Futterman. I spoke with Randolph Stone of Mandel Legal Clinic in September who also referred us to Craig Futterman. Since then we have filed our complaint and requested letters from attorneys Randolph Stone, Craig Futterman, and Ed Stein asking for verification that they were not going to accept our case as we had been in contact with them since August and letters from attorneys from Peoples' Law Office, whom we had been waiting on response since October, but have not received any response yet. We recently contacted lawyers from Washington Lawyers Committee, who responded by voice mail December 17. We await answers from them, American Bar Association, and another local attorney.

9. Names to be corrected in original complaint when amended are: Carol Murphy to Caroline Murphy; Cecilia Jackson to Cecelia Jackson; and Patricia Brewer to Patricia Baxter. The misspellings were typos.

10. Correct name for Mathew Lucas, also a typo, is Marlene Lucas. She completed papers for, but did not file an appearance

11. In Prior order of December 7, 2007, Judge Kocoras denied all petitions to proceed *in forma pauperis,* including that of Harold Bellamy, for which we ask for Reconsideration of Determinance of Indigence and leave to proceed *in Forma Pauperis for these 7 plaintiffs: William K. Crosby; Ayo Maat;, Patricia Baxter (a.k.a. Patricia Brewer-name misspelled); Stevie Dickens; Cecelia Jackson (a.k.a. Cecilia Jackson, name misspelled);Caroline Murphy (a.k.a. Carol Murphy); and Richard James. See Exhibits of Proof of Income, or Proof of Income & Expenses for other Plaintiffs with Motion for Reconsideration..* Plaintiff Exhibits were attached with Dec. 19, 2007 original Motion for Reconsideration of Waiver of Court Costs, etc filed 12/19 and Motion to Consolidate Supporting Documents (filed Dec. 28) (w/ Motion for Reconsideration filed 12/19) am 12/28/07

12. In support of Motion for Reconsideration, Dr. Ayo Maat asks that if the Judge can only rule on one IFP petition that it rule on hers as she has agreed with Will Crosby to be a contact person in the event the Court cannot reach

one of the plaintiffs in this case. With the motion, there appear several supporting financial documents as given to me by the plaintiffs who ask for Reconsideration of Plaintiffs' Motion(s) for waiver of courts costs and copy fees along with financial affidavits after reconsidering determination of indigence.

13. Plaintiff seeks determination of indigence, then approval by the Court to proceed *in forma pauperis* or in the alternative, an extension of time to pay Court costs.

14. My income remains at $623. I did not file in time (2 days too late) to receive my SSDI, so SSDI was denied. Jan. 2008, my income will only increase to $ 637, my son's will increase to $ 573.30 from $560.70.

15. *It is very expensive to meet disability needs. I currently need my partial dentures replaced at a cost of $1200, and unlined bifocals replaced at a cost of $300. Neither is covered by Medicaid, which both I and my son receive. We also applied for LIHEAP to cover electric costs* – ~~See Plaintiff Exhibit~~ ~~LIHEAP(Low Income Energy Assistance Program application~~ Exhibit not included 12/28/07am

16. We both have urgent and immediate needs that we are not receiving due to not having the visible means.

17. Lenscrafters Vision program *denied me replacement eyeglasses under the Vision program that covers people who need, but cannot pay for eyeglasses or special lenswear not covered by their insurance, because I received eyeglasses in June.* My eyeglasses were run over when they fell off my face and I could not see them on the floor. Lenscrafters only allows free services once per year per client referred by nonprofit agency.

18. My son needs his teeth cleaned at a cost of $ 250 (2006 cost) before he can proceed to get his teeth fixed according to the dentist.

19. Food costs are high. I only eat organic vegan food (no meat, fish, honey, eggs, dairy, refined foods, chemical preservatives, or pesticides, etc.) and drink spring water. I do not drink tap water due to allergic reaction to fluoride and chlorine. I do not permit meat in my home or pots due to a vegan diet, allergies, dairy and chemical sensitivity. I do not and cannot use drugs. All health supplements are alternative, no chemical drugs.

20. The 7 Plaintiffs aforementioned (see item 11) are doing the best they can to meet daily living needs, remain alive, attend to disability and health needs, and meet requirements of the Court despite having need for ADA accommodations and legal representation. We are not reasonably accommodated as we should be under the ADA at copy centers, various offices, court facilities, with some transit carriers, or even within our own communities. Our disabilities impact our ability to function, receive services, and have enough income to cover our daily needs, and unbudgeted and unaffordable needs such as Court costs and other legal fees.

21. In the alternative, we propose a motion for extension of time to pay Court Costs. In the event that Court costs are not waived, but are lowered or full amount is asked, Plaintiff agree to pay in installments or in full depending on how soon funds can be raised through IMPRUVE Legal Defense Fund. We request due to the weather, our disabilities, and the difficulty of getting around in winter, a date of 6 weeks or longer to raise the funds. *See Plaintiff Exhibit _____ - IMPRUVE Legal Defense Fund Appeal.* [handwritten: Exhibit not included 12-28-07 am]

22. In reconsideration thereof, the Plaintiff(s) pray for the mercy of the Court and consideration of their disabilities, the weather, the difficulty of travel of persons with physical disability, the lack of accessibility of most copiers by wheelchair, and some with dual or multiple disability—mental and/or physical (i.e. TBI (traumatic brain injury), learning disorder, mental retardation, cerebral palsy, scoliosis, osteoporosis, carpal tunnel syndrome, fibromyalgia, blindness, deaf, low vision, hearing problems, tendonitis, amputated limbs and prosthesis, use of wheelchair, use of canes, use of crutches, use of walker, chronic fatigue syndrome, hip replacement, knee replacement, spinal cord injury, Multiple sclerosis, muscular dystrophy, cancer, etc.)

**WHEREFORE PLAINTIFF, Ayo Maat respectfully submits this affidavit,**

___Dr Ayo Maat___   ___12-28-07___
Signature                              Date

SIGNED AND SWORN Before Me this ___28th___ day of ___December 2007___

___Alexandra Roth___ Date ___12-28 07___
NOTARY PUBLIC

> Official Seal
> Alexandra Roth
> Notary Public State of Illinois
> My Commission Expires 05/02/2010

Plaintiff : Ayo Maat, Ph.D., M. HS , Pro Se 99500

6951 N. Sheridan Rd Chicago, IL 60626-3527

773-416-7366; 773-338-1090

Impruve2@yahoo.com; ayomaat@hotmail.com



# North Side Community Federal Credit Union
1011 W. Lawrence Ave., Chicago, Illinois 60640-5017
(773) 769-5800 - FAX (773) 769-6800

December 15, 2007

Re: Holds on North Side Community Federal Credit Union Accounts for
Ayo Maat, Account # 2652
Rami Maat, Account # 60350

Honorable Charles Kocoras:

Ayo Maat and Rami Maat have had accounts with the North Side Community Federal Credit Union since 1988 and 1997 respectively. It is North Side Community Federal Credit Union policy that any checking account that is open must have $100 in funds held with additional funds equivalent to double the daily cash withdrawal limit held for ATM card access. North Side Community Federal Credit Union policy also states that accounts with unsecured VISA credit cards must have $200 in funds held.

In the above referenced accounts the following funds are being held:

Ayo Maat, Account #2652
Checking Account Hold: $100
Unsecured VISA Hold: $200
Total Hold on Account: $300

Rami Maat, Account #60350
Checking Account Hold: $100
ATM Hold: $100
Total Hold on Account: $200

The account holders have no access to these funds unless the accounts are closed.

If you have any further questions, please contact the North Side Community Federal Credit Union at 773-769-5800.

Thank you,

Jennifer Sierecki
North Side Community Federal Credit Union

Plaintiff Exhibit - Maat 3

AFFIDAVIT of Plaintiff Cecelia Jackson

I, Cecelia Jackson, affirm that I cannot pay $36.89 or any part of Court costs in Case 07 C 6235. In support of my affidavit, I have attached my income and expenses statement and placed my signature on a notarized statement. In the event I am unable due to disability or transportation to get to file my papers timely, I permit William Crosby or Dr. Ayo Maat, also Pro Se plaintiffs in the same case, to file on my behalf or file for me, and include me in the Motion to **Reconsider Waiver of Fees and Request for Leave to** Proceed In forma pauperis without paying fees; and MOtion for Permission to Submit More than 15 Pages of Pleadings and/or Supporting Documents.

Respectfully,

*Cecelia Jackson*
Signature
Cecelia Jackson, Pro Se - 99500
Plaintiff
December 24, 2007

8915 S. Loomis #406
Chicago IL 60620
773-544-9488
email:  ceceliajackson2001@yahoo.com (not always working

*Cecelia Jackson*

Subscribed and sworn to before me
this 27th day of Dec. 2007
Chicago, County of Cook, State of Illinois.

Notary Public _Deborah Jenkins_

"OFFICIAL SEAL"
DEBORAH JENKINS
Notary Public, State of Illinois
Commission Exp. 16, 2009

Plaintiff Exhibit -
Cecelia 1a p 1 of 2

Cecelia Jackson Bills, Income and Expenses List
12/14/2007

Income - SSDI (Social Security Disability
            $ 1,461.00

| | | |
|---|---|---|
| 1. | Rent/shelter | $ 660.00 |
| 2. | Money orders (4 @ .99) | 3.96 |
| 3. | Food | 220.00 |
| 4. | U.S. Cellular | 101.22 |
| 5. | Health Spring Co-pays*** | 48.00 |
| 6. | Walgreen's* | 33.89 |
| 7. | AT&T | 37.54 |
| 8. | 7th Avenue | 25.00 |
| 9. | VanRu Credit Corp. | 25.00 |
| 10. | ComEd | 34.65 |
| 11. | Catherine's | 15.00 |
| 12. | OTC health costs, ADL** | 150.00 |
| 13. | PACE ADA Monthly Pass | 75.00 |
| 14. | Misc., hshld, clothing | 32.00 |

Total expenses $1,461.26

Balance (.26)

"OFFICIAL SEAL"
JIBU V. JACOB
Notary Public, State of Illinois
My Commission Expires Jan. 03, 2011

*Cecelia Jackson* [signature]

Subscribed and sworn to before me
this 23 day of DEC, 2007
at Chicago, County of Cook, State of Illinois.

Notary Public

Plaintiff Exhibit 1a
Cecelia p. 2 of 2

Plaintiff Affidavit of Expenses and Income

I, Patricia Baxter, Plaintiff in Case 07 C 6235, Pro Se, affirm (certify) that the income and expenses I list are to the best of my knowledge accurate as reported or an approximation for expenses that change monthly. I move that they be accepted by Judge Kocoras as sufficient proof that I cannot pay Court costs. I also have trouble signing due to my disability, so when I cannot sign, I authorize Plaintiff Will Crosby or Ayo Maat to sign on my behalf.

_Dr. Ayo Maat on behalf of Patricia Baxter_ Date 12-27-07
Patricia Baxter or person on behalf of Patricia Baxter

In my absence, I permit the Plaintiff Ayo Maat or William Crosby to file the papers that affirm my income and expenses, and proof of my indigence, or to assist me in my legal case (s). Due to my disability, health appointments and wheelchair lift not operating, and paratransit needs, I am unable to get to the Court to file papers in time for Reconsideration of My Motion for leave to proceed in Forma Pauperis and statement that I cannot afford any of the Court costs. I also fell requiring an emergency room trip as the Fire Dept. refused to carry me down the stairs and there is no one qualified in my home to help me. Both of my children are disabled and use wheelchairs, too, or ambulate with difficulty. My daughter has fallen almost daily since being unable to use her wheelchair since August 2007due to the wheelchair lift being broken. The home at I am in is not mine. I rent. Dept. of Rehab Services personal attendant is not able and is not required to carry me up or down stairs. I am not receiving an ADA accommodation form the Fire Dept. so that I can get in and out my house daily to get to health appointments, shopping, legal offices, Court, the library to use the Internet, and other activities.

## STANDARD OF REVIEW FOR PRO SE LITGANTS

**Pro Se: Court submissions are to be <u>construed liberally</u> and held to <u>less stringent standards</u> than submission of lawyers. If the court can reasonably read the submissions, it should do so despite <u>failure to cite proper legal authority</u>. <u>Confusion of legal theories</u>, poor <u>syntax</u> and sentence construction, or litigant's <u>unfamiliarity</u> with <u>rule requirements</u>. Boag v. MacDOUGALL 454 U.S. 364,102 SCt. 700, 70 L.Ed.2d 551(1982);<u>Esralle</u> v. <u>Gamble</u>, 429 U,S.97,106,97 S. Ct. 258,L.ED.2d 25(1976) ( quoting <u>Conley</u> v. <u>Gibson</u>), 355 U.S. 4145-46, 78 S.Ct. 99, 2 L.ED2d 80(1957);<u>Haines</u> v. <u>Kerner</u>,404 U,S. 519,92 S.Ct 594, 30L.Ed2d 652(1972): <u>McDowell</u> v. <u>Delaware</u> <u>State</u> <u>Police</u>, 80 F ,3d 188, 189 (3rd Cir.1996); <u>United</u> <u>States</u> v. <u>Day</u>, 969 F .2d 39, 42 ( 3rd Cir. 1992) holding pro se petitions ("<u>cannot</u>") be held to the same standard as pleading drafted by attorneys) <u>Then</u> v. <u>INS.</u>,58 F,Supp.2d 422, 429(D.N.J,1999).**

   The Court provides pro se parties <u>wide</u> <u>latitude</u> when construing their pleading and papers. When Interpreting pro se papers, the Court should use common sense

_Plaintiff Exhibit- Baxter 1a_
_p. 17_ _am_
_12/28/07_

to determine what relief the party desires. S.E.C. v. Elliott 953 F.2d 1560,1582, (11th Cir.1992).See also United States v. Miller, 197 F 3d 644,648 (3rd Cir. 1999) ( Court has special obligation) to construe pro se litigants pleading liberally); Poling v. K. Hovnanian Enterprises,99 F.Supp.2d 502, 506-07(D.N.J.2000)Courts will go through particular pains to("protect") pro se litigants against consequences of technical error if injustice would otherwise result. U.S. v. Sanchez,88 F ,3d 1243(D.C. Cir.1974

*Plaintiff Exhibit —*
*Baxter 1a*
*p. 2 of 2*

AFFIDAVIT OF PATRICA BAXTER

In my absence, OR WHEN I AM PRESENT, BUT OTHERS CANNOT UNDERSTAND ME OR NEED ME TO SIGN PAPERS RELATED TO MY LEGAL CASE(S), until further nortice to the contrary, I permit the Plaintiff Ayo Maat or William Crosby to file the papers that affirm my income and expenses and proof of my indigence, or to assist me in my legal case (s). Due to my disability, health appointments and wheelchair lift not operating, and paratransit needs, I am unable to get to the Court to file papers in time for Reconsideration of My Motion for leave to proceed in Forma Pauperis and statement that I cannot afford any of the Court costs. I also fell requiring an emergency room trip as the Fire Dept. refused to carry me down the stairs and there is no one qualified in my home to help me. Both of my children are disabled and use wheelchairs, too, or ambulate with difficulty. My daughter has fallen almost daily since being unable to use her wheelchair since August 2007due to the wheelchair lift being broken. The home at I am in is not mine. I rent. Dept. of Rehab Services personal attendant is not able and is not required to carry me up or down stairs. I am not receiving an ADA accommodation form the Fire Dept. so that I can get in and out my house daily to get to health appointments, shopping, legal offices, Court, the library to use the Internet, and other activities.

Respectfully,

*Dr. Ayo Maat on behalf of Patricia Baxter*

Patricia Baxter or person signing on my behalf and with my permission

SIGNED AND SWORN BEFORE ME this 26 day of December, 2007

_____
NOTARY PUBLIC

OFFICIAL SEAL
ISABEL OLIVARES
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/09

Plaintiff Exhibit — Baxter 2

I, Stevie Dickens, Plaintiff in Case 07 C 6235, Pro Se, affirm (certify) that the income I listed in my financial affidavit attached to my petition for in forma pauperis previously submitted to Judge Charles Kocoras is to the best of my knowledge accurate as reported. I further affirm that my expenses do not permit me to pay the $ 38.89 recommended by Judge Kocoras nor any of the Court costs. I am a person with a disability who is required to pay many out of pocket health costs and costs of my assisted daily needs. Transportation is also high as I ride the PACE paratransit which is due to be double the CTA monthly pass effective February 1, 2008 while my income will not double. I am paratransit-dependent. I receive disability income. I am not employed. My expenses exceed my income. The Court has a record of my monthly income; it is fixed income. I have not submitted copies of my bills and expenses, because divulging my income and expenses in the public record does not protect my privacy or ensure confidentiality.

Respectfully,

*Stevie Dickens*

Signature, Stevie Dickens, Pro se Plaintiff

SIGNED AND SWORN BEFORE ME THIS 27TH DAY OF December, 2007

*Kimberly Glasper*

NOTARY PUBLIC

"OFFICIAL SEAL"
KIMBERLY GLASPER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2/29/2008

Stevie Dickens

8423 S. Elizabeth

Chicago, Il 60620

847-571-5709

Plaintiff Exhibit- Dickens 1a

```
Richard James  -  Bills, Income and Expenses List    12/14/2007


Income - Monthly SSDI (Social Security Disability)         $ 552.00


    1.   Rent/shelter                    $ 134.00
    2.   PACE ADA Monthly Pass              75.00
    3.   Home Phone                         51.00
    4.   U.S. Cellular                      49.26
    5.   TransAmerica                       41.35
    6.   Prescription Drugs                 11.00
    7.   ComEd                              43.00
    8.   Food                               80.00
    9.   OTC health costs, ADL**            20.00
   10.   Misc., hshld, clothing             60.00
                                           _____

         Total expenses                    564.61

         Balance                          (12.61)


Notes:  * Prescription drugs   ** OTC - Over the counter health
products for ADL (Assisted daily living) needs   Note: The SSA deducts
$ 62.30 from my SSDI  leaving me with $552 monthly.



No Receipts attached for Monthly Expenses.
```

Plaintiff Exhibit _James 1a_  Income, Expenses – Affidavit of Richard James   Amended                p. 1 of 2

Plaintiff Affidavit of Expenses and Income

I, Richard James, Plaintiff in Case 07 C 6235, Pro Se, affirm (certify) that the income and expenses I list are to the best of my knowledge accurate as reported or an approximation for expenses that change monthly.

*Richard J ames*
Signature of Plaintiff, Richard James

SIGNED AND SWORN BEFORE ME THIS 27TH DAY OF DECEMBER, 2007

*Kimberly Glasper*
NOTARY PUBLIC

"OFFICIAL SEAL"
KIMBERLY GLASPER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2/29/2008

Plaintiff Exhibit _James_1a_   Income, Expenses — Affidavit of Richard James    Amended    p. 2 of 2