

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
DEC 2 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff(s)

Crosby, Maat et al

v.                                            Case No. 07C6235

Defendant(s)

PACE et al

MOTION for Leave and Approval to Submit More Than 15 Pages
[To Motions That Include Supporting Documents, Affidavits]

Now come Movants, Pro Se and request leave to submit more than 15 pages to our motions.

1. We have 7 Plaintiffs with supporting documents and/or affidavits.

2. We respectfully request approval of the Court to allow us to submit our supporting documents and pleadings which will or may exceed 15 pages for most motions and pleadings.

3. We have already submitted a Motion for Reconsideration of Request to Proceed Without Paying Fees and Approval of Leave to File In forma Pauperis. The pages exceed 15 with the supporting Income and Expense Statements.

4. Plaintiffs who are Pro Se apologize for any inconvenience to the Court and ask that the Court liberally construe our submissions and hold us to less

stringent standards than lawyers. Refer to prior submission of Standard of Review for Pro Se Litigants. Plaintiff Exihibit  ALL-1

Respectfully submitted by

*[signature: Dr. Ayo Maat]*

Ayo Maat, Ph.D.
Pro Se Plaintiff
on behalf of Crosby, Maat et al.


Ayo Maat Pro Se—99500
6951 N. Sheridan Road
Chicago. IL  60620-3527
773-416-7366   773-338-1090

STANDARD OF REVIEW FOR PRO SE LITGANTS

Pro Se: Court submissions are to be construed liberally and held to less stringent standards than submission of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority. Confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDOUGALL 454 U.S. 364,102 SCt. 700, 70 L.Ed.2d 551(1982);Esralle v. Gamble, 429 U,S.97,106,97 S. Ct. 258,L.ED.2d 25(1976) ( quoting Conley v. Gibson), 355 U.S. 4145-46, 78 S.Ct. 99, 2 L.ED2d 80(1957);Haines v. Kerner,404 U,S. 519,92 S.Ct 594, 30L.Ed2d 652(1972): McDowell v. Delaware State Police, 80 F ,3d 188, 189 (3rd Cir.1996); United States v. Day, 969 F .2d 39, 42 ( 3rd Cir. 1992) holding pro se petitions ("cannot") be held to the same standard as pleading drafted by attorneys) Then v. INS.,58 F,Supp.2d 422, 429(D.N.J,1999).

  The Court provides pro se parties wide latitude when construing their pleading and papers. When Interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott 953 F .2d 1560,1582 , (11th Cir.1992).See also United States v. Miller, 197 F 3d 644,648 (3rd Cir. 1999) (Court has special obligation) to construe pro se litigants pleading liberally); Poling v. K. Hovnanian Enterprises,99 F.Supp.2d 502, 506-07(D.N.J.2000)Courts will go through particular pains to("protect") pro se litigants against consequences of technical error if injustice would otherwise result. U.S. v. Sanchez,88 F ,3d 1243(D.C. Cir.1974

Plaintiff Exhibit ALL-4