## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6235 | **DATE** | 1/23/2008 |
| **CASE TITLE** | Crosby et al vs. Pace | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motions [46] [48] to consolidate supporting documents with previous submissions are granted. Plaintiffs' motion [47] for leave to file oversized submissions is denied without prejudice. Plaintiffs' motion [44] for reconsideration is denied. Pursuant to Local Rule 3.3(e), if Crosby and his co-plaintiffs do not pay the $350 filing fee by February 8, 2008, this action will be dismissed. The dismissal will bar any future filing of this suit in federal court. No extensions of this time will be entertained.

■[ For further details see text below.]

Docketing to mail notices.

### ORDER

On December 7, 2007, we denied Plaintiffs' applications for leave to file *in forma pauperis*. On December 19, Plaintiffs moved for reconsideration of the denial. Shortly thereafter, some filed additional information that they wished to be taken under consideration in connection to the previously filed motions. In addition, Plaintiffs filed a motion for leave to file submissions that are in excess of the 15-page limit imposed by Local Rule 7.1.

The motions to consolidate supporting documents [46] [48] with previous submissions are granted. In rendering the instant ruling, we have considered all documents filed to date by the parties.

With regard to the motion for leave to file submissions exceeding the 15-page limit imposed by the Local Rules [47], we first clarify that the limitations in the rule apply to briefs, not to supporting documentation or exhibits. None of the submissions thus presented in this case involves a brief in excess of 15 pages, and court approval is given on a case-by-case basis rather than in the form of a blanket exemption. The motion for leave to file oversized submissions is therefore denied without prejudice.

Finally, with regard to the motions for reconsideration, we note that they do not invoke a particular rule of civil procedure. However, because they were filed within 10 days of the entry of judgment, we construe them as brought pursuant to Fed. R. Civ. P. 59(e). *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend that judgment. "The only grounds for a Rule 59(e) motion...are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment...or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro*

**ORDER**

*v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). In support of their motions, Plaintiffs provide information about their monthly expenses that is more detailed than what was previously set out. However, because this information could have been presented in conjunction with the previously filed request, it does not satisfy the standard required for relief under Rule 59(e). Beyond that legal impediment, we believe the filing fee is within the reasonable means of the Plaintiffs. Consequently, the motion for reconsideration [44] is denied.

Pursuant to Local Rule 3.3(e), if Crosby and his co-plaintiffs do not pay the $350 filing fee by February 8, 2008, this action will be dismissed. The dismissal will bar any future filing of this suit in federal court. No extensions of this time will be entertained.

Dated:   January 23, 2008

**CHARLES P. KOCORAS**
**U.S. District Court Judge**