UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM K. CROSBY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 6235 |
| | ) | |
| GOVERNOR ROD BLAGOJEVICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Governor Rod Blagojevich ("the Governor") to dismiss the portions of Plaintiffs' complaint that pertain to him. For the reasons set forth below, the motion is granted.

## **BACKGROUND**

According to the first amended complaint in this case, the assertions of which must be accepted as true for purposes of this motion, Plaintiffs are persons with disabilities who use the paratransit services provided in the Chicago area by Defendants Chicago Transit Authority, Regional Transit Authority, and PACE Suburban Bus. These paratransit services are provided to persons who cannot safely use fixed-route mass transit; riders are picked up at rider-determined locations, such as their home or

work, and are taken to other rider-determined locations. Riders pay a fee for the service.

In January 2008, the Governor signed a bill providing funding to transit systems within the Chicago area; he exercised his power of amendatory veto to add to the proposed bill a requirement that "any fixed route public transportation services...shall be provided without charge to all senior citizen residents of the participant[1] aged 65 and older, under such conditions as shall be prescribed by the participant." 30 ILCS 740/2-15.2. Shortly thereafter, the fee for paratransit service was doubled.

Plaintiffs filed suit, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the equal protection provisions of the Fourteenth Amendment. The complaint seeks declaratory, injunctive, and monetary relief.

The Governor now moves to dismiss the allegations against him, contending that he is immune from suit.

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion

---

[1] The term "participant" is defined in 30 ILCS 740/2-2.02(1) as "a city, village, or incorporated town, a county, or a local mass transit district organized under the Local Mass Transit District Act (a) serving an urbanized area of over 50,000 population or (b) serving a nonurbanized area."

to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1964-65, 1973, 167 L. Ed. 2d 929 (2007). The court will apply the notice-pleading standard on a case-by-case basis to evaluate whether recovery is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**DISCUSSION**

Though Plaintiffs originally indicated that they intended to sue the Governor in his individual capacity, their response to the instant motion specifies that they wish to withdraw any individual claims for compensatory damages. Accordingly, we will confine our examination and discussion to the assertions against the Governor in his official capacity.

Suits against state officials in their official capacity are usually barred by the Eleventh Amendment. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). However, an exception to this general rule is recognized in cases where the relief sought is injunction of future unconstitutional conduct by a state official. *Ex Parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 453 (1908). It is upon this exception that Plaintiffs rely in arguing that the Governor is a proper party defendant. However, for a case to fall within the scope of *Ex Parte Young*, the official being sued must be the party whose prospective actions would violate the federal law invoked. *David B. v. McDonald*, 156 F.3d 780, 783 (7th Cir. 1998). As the Supreme Court stated in *Ex Parte Young*, "[a state] officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex Parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 453 (1908). With regard to the Governor, the complaint asserts only that he participated in the formulation and promulgation of 30 ILCS 740/2-15.2. However, as was the case in *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999), the Governor's involvement with the law at issue in this case stopped once the bill was signed; Plaintiffs do not assert that he plays a role in its implementation or enforcement, nor that he has the power to now

nullify or add to its contents. As a result, he does not fall within the ambit of *Ex Parte Young*, and his dismissal from this action is appropriate.

## CONCLUSION

Based on the foregoing, the Governor's motion to dismiss is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: December 4, 2008